THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as State v. Smith (1972), 29 Ohio App. 2d 241.]

242

Mr. *John T. Corrigan*, for appellee.
Mr. *James D. London*, for appellant.

DAY, C. J. This case comes here from the Court of Common Pleas after a hearing pursuant to R. C. 2953.21 (Post-Conviction Determination of Constitutional Rights).

Four errors are assigned:

(1) The lower court erred by failing to appoint counsel to represent appellant at the probation revocation hearing, in violation of his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

(2) The lower court erred by failing to subpoena the only witness with personal knowledge of the events constituting the alleged probation violation, thereby denying appellant the right to confront the witnesses against him, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

(3) The failure of the lower court to appoint counsel for appellant at the probation revocation hearing and to require the presence of the only complaining witness violated the requirements of Section 2951.09 of the Ohio Revised Code and was prejudical error.

(4) The State's failure to give the required notice to appellant of the intended use of the probation report violated Section 2317.39 of the Ohio Revised Code and was prejudicial error.

The facts implicit in the assignments of error are either evident from the transcript of proceedings at the hearing on probation revocation,[1] the findings of fact by

[1]Tr. of Record of hearing incorporated by reference in Findings of Fact and Conclusions of Law after Post Conviction hearing (see journal entry in file stamped "Book 173" at page 229). The transcript shows that a report was used at the revocation hearing that was not made by the user (Tr. of Record, *id.* See journal entry stamped "Book 173" at page 252).

the trial court after post conviction hearing[2] or taken as true, absent a state brief denying the facts,[3] (cf. 18(C), Rules of Appellate Procedure). We find constitutional implications in all four of the assigned errors. We find merit in all the assignments. We reverse.

## I

A lawyer must be afforded an indigent defendant at a hearing on "revocation of probation or a deferred sentencing," *Mempa* v. *Rhay* (1967), 389 U. S. 128, 137, 19 L. Ed. 2d 336, 342. The *Mempa* case does not stand for the proposition that an attorney is not essential at a probation revocation or deferred sentencing hearing unless the attorney would be of substantial assistance. That proposition was announced in the fourth syllabus in the Lawyers Edition headnote but has no support whatever in the text. The reference to "substantial assistance" in the text relates only to the court's declining to "catalogue" the situations in which attorneys might be of substantial assistance, *Mempa* v. *Rhay, id.*, 389 U. S. at 136, 19 L. Ed. 2d at 341. See also *Gideon* v. *Wainwright* (1963), 372 U. S. 335, 9 L. Ed. 2d 799. The trial court apparently thought that the headnote was the law. The headnote is not the law in the federal jurisdiction.

The right to counsel is so basic that absence of counsel, where required, is never harmless error, *Chapman* v. *California* (1967), 386 U. S. 18, 23, 17 L. Ed. 2d 705, 710. Because this case involved a failure to provide a lawyer at a revocation of probation hearing held in 1959, before *Mempa* v. *Rhay,* it is noted that the doctrine of *Mempa* v. *Rhay* is retroactive. *McConnell* v. *Rhay* (1968), 393 U. S. 2, 4, 21 L. Ed. 2d 2, 4.

## II

It appears that at the hearing on June 23, 1959, much of the evidence rested upon material taken from a report

---

[2]Journal entry stamped "Book 173" at page 230, "* * * the Court concludes that petitioner was without counsel at the proceeding revoking his probation * * *."

[3]*I. e.*, (1) lack of notice of intended use of probation report, (2) the failure to subpoena the only witness with knowledge of the events constituting the alleged probation violation.

made by a probation officer who was not in court and could not be cross-examined nor confronted. At this time crucial issues arose. These related to the defendant's authority to leave the jurisdiction to work, which in turn had an important bearing on whether his probation period ceased to run or, whether in fact, it ran and the probation period expired. All of these were issues as to which a lawyer's presence, and assistance, and confrontation, and cross-examination were vital. There is no indication in the hearing transcript that any of these rights were waived, see *Carnley* v. *Cochran* (1962), 369 U. S. 506, 8 L. Ed. 2d 70 and *Brookhart* v. *Janis* (1966), 384 U. S. 1, 4, 16 L. Ed. 2d 314, 317. Of course, the report was hearsay but even if it fell within an exception to the hearsay rule (which does not appear) its use still abrogated constitutional rights of confrontation and cross-examination, see *California* v. *Green* (1970), 399 U. S. 149, 155-164, 26 L. Ed. 2d 489, 495-501.

### III

R. C. 2951.09 contemplates a judicial inquiry into the conduct of the defendant when the revocation of his probation is in issue,[4] *State* v. *Krauss* (1957), 103 Ohio App. 209, 212-214. That case, interpreting R. C. 2951.09 has suggested also (pages 212-213) that confinement upon an unsworn statement based on hearsay (the situation in the instant case) may deprive the accused of due process of law and certainly violates the statute.

Furthermore, *City of Lima* v. *Beer* (1950), 90 Ohio App. 524 at 529 held that it was prejudicial to the rights of the defendant for a court to deny cross-examination. Cf. *California* v. *Green, supra.* It was further held in the *Beer* case that a full judicial inquiry was denied (1) when the defendant was not allowed a full disclosure of the

---

[4]R. C. 2951.09 reads in pertinent part: "When a defendant on probation is brought before the judge or magistrate under Section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation and impose any sentence which might originally have been imposed * * *."

facts which were alleged to establish a violation of an order suspending his sentence for selling gambling tickets and (2) when the defendant was denied information disclosing the name of the person claimed to have purchased the tickets from him.

## IV

At the time of the hearing in 1959, R. C. 2947.06 and 2317.39, required defendant's access to the reports made pursuant to their respective statutory purposes.[5] Accordingly, there was no conflict between the sections at that time and, reading them together, the defendant was entitled to a five-day notice:

"* * * of the fact that an investigation has been made, that a report has been submitted, and that the contents of the report are available for examination."

In this case it is clear that the probation officer's report was used without the notice required by statute. Such use was prejudicial error, see *State* v. *Hertz* (App. Franklin Cty. 1954), 135 N. E. 2d 781. In the *Hertz* case the defendant complained that his probationary sentence was revoked without a written report having been submitted to him. The court rejected this claim on the ground that direct proof of the violation of probation was submitted and that it did not "result from any investigation report." The implication, with which we agree, is that had there been reliance on a report without the notice and opportunity to examine contemplated by the statute,[6] there would have been an abuse of discretion in revoking probation and imposing sentence. Such reliance in the instant case establishes the abuse. Furthermore, use of the report without the notice and opportunities enjoined by statute con-

---

[5]In 1963 (the hearing in this case was held in 1959) R. C. 2947.06 was amended to allow confidentiality for court directed reports by probation officials concerning the defendant in connection with mitigated penalties. The confidential aspect of the amended statute, because it is a special statute, would prevail over the general requirements of Section 2317 if the hearing were held today. But as indicated in the text, there was no conflict in 1959.

[6]G. C. 11521-1 predecessor to R. C. 2317.39.

travenes due process of law. If we were to assume, without deciding for lack of a record on the point, that the statutory mandate respecting notice was followed in other cases, for other litigants, then the situation would illustrate an unequal application of the law condemned in *Yick Wo* v. *Hopkins* (1886), 118 U. S. 356, 373-374, 30 L. Ed. 220, 227.

Reversed and remanded for further proceedings according to law.

*Judgment reversed.*

KRENZLER and JACKSON, JJ., concur.