The State of Ohio, Appellee, v. Mingua, Appellant..

(No. 74AP-526—Decided December 3, 1974.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson,* city prosecutor, and *Mr. Wayne A. Brown,* for appellee.

*Mr. Timothy J. O'Connell,* interim director, Legal Aid & Defender Society, and *Mr. Gary M. Schweickart,* for appellant.

Holmes, J. This matter involves the appeal of a probation revocation entered by the Municipal Court of Franklin County. The facts in brief, upon which this appeal has been brought, are that the defendant, the appellant herein, had previously been found guilty of an offense in Columbus, and was put on probation for a two-year period.

It would appear that the defendant was placed in the care of members of his family who resided in another community. Further, the record shows that the defendant's probation officer received a call from the defendant's sister-

in-law to the effect that some neighbors in the community were accusing the defendant of having committed a certain offense of the same or similar nature for which he had previously been convicted and put on probation. A probation revocation hearing followed.

At the outset of the probation revocation hearing, counsel for the defendant objected to continuing the hearing on the basis that counsel had only been brought into the case the morning of such hearing; further, neither counsel nor the defendant had received written specifications of the charges which were to be determined at such hearing. In addition, counsel argued that there had been no preliminary hearing afforded to the defendant to determine probable cause as to whether the terms of the probation had been violated, as required by the pronouncement of the Supreme Court of the United States in the cases of *Gagnon* v. *Scarpelli* (1973), 13 Crim. L. Rptr. 3081, and *Morrissey* v. *Brewer* (1972), 408 U. S. 471.

Counsel for the defendant argued, also, that the only testimony that would be given would be that of the probation officer, and would concern the telephone call from the defendant's sister-in-law. He contended that such would be pure heresay. Counsel for the defendant further relied upon the decision of this court in *State* v. *Miller*, Franklin County Court of Appeals, No. 73AP-320, decided January 22, 1974 (1974 Decisions, page 124), and *State* v. *Smith* (1972), 29 Ohio App. 2d 241. He accordingly argued that the manner and procedure of the contemplated hearing were in violation of the rights of this defendant.

At the hearing of the probation revocation, the trial court permitted the probation officer to relate the matter of the telephone conversation that he had with the defendant's sister-in-law concerning the accusations she had heard others make concerning the defendant. Also, he testified that the sister-in-law had informed him she had a conference with the psychiatrist at the mental health clinic. He stated the doctor informed her as follows:

"He feels that this man, referring to the defendant, should be hospitalized because all the tests that they have indicate that he is likely to commit this crime again. He

also confirmed to her that, from the information he has, that the defendant very likely did commit the offense which he was alleged to have committed * * *."

The probation officer, upon being asked whether he knew of any of the particulars of the alleged offense which the defendant was to have committed, again stated that the only information, other than the conversation of the defendant's sister-in-law, was that with the director of the mental health clinic, and that "she did tell me that they believe that the defendant committed this act."

Upon such state of the record, the trial court revoked the defendant's probation, and reinstated the former sentence.

The defendant appeals, citing the following errors:

1. "Appellant was denied fundamental due process of law since neither he nor his counsel was served with written notice of the claimed violations of probation";

2. "Appellant was denied fundamental due process of law by not being afforded a probable cause hearing prior to the final adjudicatory proceeding";

3. "Appellant was denied fundamental due process of law when he was denied the right to confront and cross-examine adverse witnesses";

4. "The order of the trial court revoking appellant's probation is not supported by sufficient probative evidence, hence such an order is contrary to law."

At the outset, we should state that the legal principles that shall be applied to this matter involving a revocation of probation shall be the same as would be applied to a matter involving a revocation of parole, in that the majority of this court, in the case of *State* v. *Miller, supra,* held that the due process hearing rights, as extended pursuant to *Morrissey, supra,* and *Parker* v. *Cardwell* (1972), 32 Ohio App. 2d 193, to parolees charged with a violation of parole, would be in a like manner recognized for those charged with a violation of probation. The decision in *Miller* noted *State* v. *Smith, supra.*

I.

In *Parker* v. *Cardwell, supra,* this court, substantially in conformity with the United States Supreme Court de-

38

cision in *Morrissey, supra,* set forth the manner in which revocation hearings were to be conducted. A revocation, pursuant to such decision, should be based upon a two-stage proceeding. One stage is the original probable cause hearing, and the other stage is the revocation hearing. In the instant case, there appears to have been only one hearing—that which had been invoked by the probation officer concerning certain information that he had received.

There is no indication in the record that the defendant or his counsel had received any written notice of the hearing, or that any written charges were served upon them. However, defendant's counsel states that he was informed some time before the hearing of the nature of the charges that would be brought out at the hearing.

The defendant argues that he, in accordance with minimal due process standards, is entitled to written notice of such grounds upon which the revocation is sought, and he cites *Morrissey, Parker* and *Gagnon* in support of such position. As stated *Parker* contemplates a two-stage hearing; the original probable cause hearing does not, because of the rather immediate necessities of such, require written notice or formal charges presented. However, the second-phrase hearing does, according to *Parker*, require written notice of the claimed violation. It is our view that such a hearing as was conducted herein was in the nature of a probable cause hearing rather than a revocation hearing; therefore, no written notice of such hearing was required to be served, nor the nature of the charges made known. For this reason, this assignment of error is dismissed.

II.

The basic reason for the two-stage proceeding upon a charge of a probation or parole violation is to establish at the outset that probable cause exists for the revocation, and provide the justification for the arrest and incarceration of the probationer or parolee. The element of due process that comes into play at this time is that one is not, without just cause, denied his freedom which he has previously been conditionally granted by the parole or by the probation.

By way of an explanatory note to the two-phase hearing referred to in *Parker, supra,* while reaffirming the necessity of such in most instances, there are of course certain exceptions. We do not believe it to be necessary where one has been convicted of another crime while on probation. Also, a hearing of this type would not be required where it is waived by the probationer or parolee. No such exceptions are applicable here. In the instant matter, the testimony of the probation officer may have provided probable cause for the revocation sought, and would then have set the stage for the second-phase hearing on such revocation. The hearing afforded this probationer should have been constituted as the probable cause hearing, rather than the final hearing.

Applying the *Parker* rule, defendant was denied due process of law in not being afforded the two-stage proceeding set forth in such decision. Therefore, this assignment of error is sustained.

### III.

The revocation in the instant matter was based solely upon the testimony of defendant's probation officer, to all of which the defense has objected. We believe that it has been rather significantly set forth in *Morrissey, Gagnon* and *Parker* that a defendant should be given an opportunity to confront those who bring charges against him regarding the reasons revocation is sought. We reaffirm that the probationer, or the parolee, should be given the right to confront adverse witnesses whose testimony would affect his freedom, unless such confrontation is found, by the trier of facts upon good cause, not to be necessary. As pointed out by the defendant, *Gagnon* would permit the use of affidavits, depositions and documentary evidence in some cases in lieu of live testimony.

Here, the probationer's counsel did cross-examine the probation officer, but such officer had no personal knowledge of the circumstances of the charges against the probationer. The evidence consisted of the testimony of the defendant's probation officer who stated that he had certain conversations with the defendant's sister-in-law, who

told him that there were certain accusations being made against the defendant. Further, he testified that the director of the mental health clinic of the particular county had told him that she thought that the defendant had committed the alleged crime.

The accusations against this probationer ranged from hearsay to double hearsay and, as such, did not afford the probationer the reasonable opportunity to confront those who were making such accusations against him. This assignment of error is therefore sustained.

## IV.

Although the quantum of evidence required to support a revocation of a probation or parole may not be "beyond a reasonable doubt," as in criminal trials, yet, as stated variously in a number of cases, there needs to be evidence of a "substantial" nature in order to find that revocation is justified in a given instance. We hold that the necessary quantum of evidence was not adduced before the trial court to warrant the revocation in this instance. Therefore, this assignment of error is sustained.

Therefore, based upon the foregoing, the judgment of the Municipal Court of Franklin County is hereby reversed, and this matter remanded to such court for further proceedings to determine whether the defendant has indeed violated his probation, and for the purpose of obtaining any additional reports, psychiatric or otherwise, for a determination as to whether this defendant should not be placed in an institution necessary to his psychiatric needs.

*Judgment reversed and cause remanded.*

TROOP, P. J., and REILLY, J., concur.