OPINION
This is an appeal from a judgment entered by the Common Pleas Court of Allen County revoking the probation of Defendant-Appellant, Jason Warnament, based upon a finding that Appellant violated certain conditions of his sentence. For the reasons that follow, we affirm the decision of the trial court.
The record demonstrates that on July 17, 1996, Appellant was indicted on one count of grand theft and one count of breaking and entering for his involvement in an incident that occurred on or about June 12, 1996. In accordance with subsequent plea negotiations, Appellant pled guilty to the grand theft charge while the State of Ohio dismissed the remaining charge. The court accepted the plea and found Appellant guilty on July 31, 1996. On September 25, 1996, the trial court sentenced Appellant to a twelve month suspended prison term; Appellant was then placed on probation for a period of three years subject to certain terms and conditions.
Approximately two years later, on November 12, 1998, the State of Ohio filed a motion to revoke Appellant's probation because of his alleged participation in acts of domestic violence, assault and disorderly conduct on October 15 and 16, 1998. The trial court conducted a hearing on the motion and issued a judgment entry finding that Appellant had violated the conditions of probation. The court then imposed an enhanced eighteen month prison term on Appellant. It is from this judgment that Appellant has filed the instant appeal asserting two assignments of error for our consideration.
Assignment of Error I
 The trial court's order to revoke Appellant's probation is contrary to law in that the Appellee failed to present substantial competent evidence that would warrant probation revocation.
It is axiomatic that probation is not a right. Rather, it is a privilege which "rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." State v. Reece (April 20, 1995), Marion App. No. 9-94-48, unreported, quoting State v. Bell (1990), 66 Ohio App.3d 52, 57. A probation revocation hearing cannot be likened to a criminal trial because it is "an informal hearing structured to assure that the finding of a probation violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * [probationer's] behavior." State v. Hylton (1991),75 Ohio App.3d 778, 781. Because of the nature of the proceeding, the prosecution must only provide "substantial proof" that the violation has occurred; the state is not obligated to prove a probation violation beyond a reasonable doubt. Hylton,75 Ohio App.3d at 782; State v. Mingua (1974), 42 Ohio App.2d 35.
In this case, the conditions of Appellant's probation contained the following provision:
 1. I will obey federal, state and local laws and ordinances, including all orders, rules and regulations of Allen County Common Pleas Court or the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen.
The unrefuted evidence adduced at the revocation hearing demonstrates that on the afternoon of October 15, 1998, Appellant pushed his live-in girlfriend, Amanda Coulter, up against the wall in their apartment because he was angry that she didn't come home the night before and she wouldn't say where she was. Appellant pushed Coulter hard enough to cause objects hanging on the wall in the next-door neighbor's apartment to fall to the ground. The police were contacted as a result of this incident, and came to the scene, talking to both Coulter and Warnament. The police told Coulter that Warnament was to leave the apartment and not to return for twenty-four hours.
Therafter, Coulter, Elizabeth Horton and Theodore Crowe went out for the evening. The three friends returned to the apartment in the early morning hours of October 16, 1998. Upon their arrival, Coulter and Horton saw Appellant sleeping on the couch; Crowe remained outside in the car. Coulter decided to wake Appellant to tell him to leave in accordance with police orders. Appellant again became angry at Coulter and he started grabbing and "tossing" her around the room. Appellant then pushed Horton out of the apartment and Horton immediately called to Crowe for help. Crowe, who had never met Appellant before, testified that once he approached the door, he saw Appellant's hand around Coulter's throat. Crowe stated that as he approached Appellant to ask him to leave, Appellant punched Crowe in the face and the two began to struggle. As a result, Crowe sustained several bruises, a bite wound to his face and a broken foot.
The police again arrived on the scene while Appellant and Crowe were fighting. Two to three officers then secured Appellant by placing his hands behind his back. Although Appellant was told repeatedly to calm down, the evidence demonstrates that he continued to cuss at Crowe and struggle with the police. There was also an allegation that Appellant spit on one of the officers.
Based upon this evidence, the trial court found that Appellant violated the aforementioned condition of his probation. We agree with the trial court's conclusion because it is obvious to this court that the State presented substantial factual evidence to warrant a finding of probation revocation, and Appellant presented no evidence whatsoever to refute the State's claims.
Appellant's first assignment of error is overruled.
Assignment of Error II
 The trial court committed error prejudicial to Appellant in that the probation violation hearing conducted violated Appellant's right to due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States and Article I, Section 10 of the Ohio Constitution.
In Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756,1761-62, 36 L.Ed.2d 656, 664, the Supreme Court stated that probation revocation proceedings must satisfy minimum due process. The Court then set forth six essential conditions that must be met in order to afford the probationer minimum due process:
 (a) [W]ritten notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a `neutral and detached' hearing body * * *; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.
Id. at 786, quoting Morrissey v. Brewer (1972), 408 U.S. 471, 489,92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499. See also State v. Hylton (1991), 75 Ohio App.3d 778.
In the instant case, Appellant does not claim that minimum due process was lacking under the Gagnon standard. Rather, Appellant argues that his due process rights were violated because the State of Ohio did not respond to his November 19, 1998 request for discovery and because the trial court did not grant a continuance to compel the prosecution to do so. Thus, Appellant urges this court to extend the Gagnon test to require prosecutors to comply with the formal rules of discovery in revocation proceedings before minimum due process can be satisfied.
We refuse to adopt such a rule because of the informal nature intended to attach to probation revocation proceedings and because we find that the Gagnon conditions supply a probationer with the necessary due process protections. See, generally, State v. Parsons (Nov. 15, 1996), Greene App. No. 96-CA-20, unreported.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.