OPINION
Defendant-appellant, Jay Henderson, Jr., appeals the decision of the Butler County Common Pleas Court, Juvenile Division, which revoked his probation and failed to credit him for time served in a rehabilitation program. We affirm in part and reverse in part the trial court's adjudication and disposition.
Appellant, age 14, admitted that on September 12, 2000 he and two of his friends entered a private residence and stole guns and knives, intending to sell them. On September 29, 2000, appellant appeared before the Butler County Common Pleas Court, Juvenile Division, and pled true to burglary with a gun specification under R.C. 2929.14, which if committed by an adult would be a felony in the fourth degree.
A dispositional hearing was held on October 11, 2000. Appellant was committed to the Department of Youth Services ("DYS") for an indefinite term of not less than six months on the burglary and not less than 12 months on the gun specification, for a total of 18 months minimum; and, a maximum not to exceed his 21st birthday. The sentence was suspended and appellant was placed on probation, conditioned upon appellant's successful completion of the Juvenile Rehabilitation Center ("JRC") program.
On June 5, 2001, appellant went before the trial court on a probation violation hearing. Appellant argued that the complainant, his probation officer, was not in attendance and thus the hearing should be continued. The judge ordered the hearing continued and removed appellant from the JRC, remanding him back to the juvenile detention center. On June 13, 2001, the probation revocation hearing was held.
At the dispositional hearing, the program director of JRC testified that during appellant's sojourn in the program, he never took the program seriously. The director testified that appellant laughed, joked, was silly and sneaky, and that this behavior disrupted others in the program. Further, he stated that appellant did not follow the rules and directions of the staff or accept feedback and criticism. He stated that this behavior was problematic because all of the children in the program had serious problems and so a serious approach by all was needed.
The trial court found appellant to be in violation of his probation and sentenced him to serve his original term of 18 months minimum not to exceed his 21st birthday in DYS. Appellant appeals his adjudication and disposition, and raises two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT'S DECISION TO REVOKE DEFENDANT'S DELINQUENT CHILD PROBATION VIOLATED MINIMUM DUE PROCESS REQUIREMENTS[.]
Appellant argues that the revocation of his probation violated his rights to due process. He contends that incident reports from JRC workers were admitted even though the workers did not appear at his hearing and, thus, he was not able to cross-examine them. He further contends that the trial court did not state a substantial basis in its judgment entry for revoking his probation.
The due process clause is applicable in juvenile proceedings. In reGault (1967), 387 U.S. 1, 13-14, 87 S.Ct. 1428. Juv.R. 35(B) acknowledges a juvenile's due process rights and states in pertinent part, "[p]robation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified." Further, the burden of proof is lower in a revocation of probation hearing. The trial court need only find that there is substantial evidence, not evidence beyond a reasonable doubt, when determining whether to revoke an individual's probation. State v.Mingua (1974), 42 Ohio App.2d 35, 40.[1]
Appellant relies upon the United States Supreme Court decision inMorrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593. In Morrissey, the Court found that in a parole revocation hearing, the minimum standards of due process afforded to the parolee included "* * * the right to confront and cross-examine adverse witnesses * * * [and] a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." Morrissey, 408 U.S. at 489,92 S.Ct. at 2604. However, the Court recognized that parole revocation proceedings are not a part of the criminal prosecution. In re Griffin (1996), Union App. No. 14-96-14, 1996 WL 547921, at *4, citing to Morrissey,408 U.S. at 480, 92 S.Ct. at 2600. Thus, they concluded that "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversarial criminal trial." Morrissey, 408 U.S. at 489, 92 S.Ct. at 2604.
In the case sub judice, the June 13, 2001 violation of probation hearing was a dispositional hearing,[2] not an adjudicatory hearing,[3]
thus Juv.R. 34 governed. This rule states in pertinent part that "* * * the court may admit evidence that is material and relevant, including, but not limited to, hearsay, opinion, and documentary evidence." Juv.R. 34(B)(2).
The trial court in this case admitted the daily documented staff observations of several JRC workers. The workers were not present to testify or be cross-examined during the hearing. These reports cited incidents where appellant acted out violating his probation. The trial court also heard from the program director of the JRC.
The program director personally counseled appellant when he entered the program. During the last few months of appellant's nearly nine-month stay, the director spent an average of six hours a day, four days a week with appellant. The director noted that appellant exhibited "counter productive behavior" by excessively laughing, acting silly, being sneaky and encouraging the other kids to laugh. He also stated that appellant did not follow the rules and direction of the staff or accept feedback and criticism on what he was doing wrong. The director further noted that this behavior was problematic because the children were "destroying their lives and in order to save their lives, they need a very serious approach to the problems of drug abuse, stealing, lying, [and] committing crimes. These are such serious problems that it requires a very serious response to." He recommended that appellant be remanded to DYS for the maximum allowable time because of the behavior that he witnessed, appellant's unwillingness to address his problems, and the serious nature of appellant's criminal activity.
Appellant's probation officer also testified. He stated that he filed a probation violation on April 24, 2001 after receiving numerous phone calls from workers at JRC, appellant's therapist, and the program director. They reported their concerns as to appellant's seriousness and concern that "he moved back to Unit O from his treatment of Unit B." The officer stated that he mainly filed the first violation to capture appellant's attention and "to get [appellant] to comply with the rules." On June 6, 2001, though, another violation of probation was filed against appellant on the same grounds.
Appellant had the ability and did cross-examine the program director and the probation officer. The records were admitted as hearsay evidence to further support their testimony. Juv.R. 34 allows the admittance of hearsay evidence within a dispositional hearing. Thus, appellant's due process rights were not violated.
Furthermore, the Ohio Supreme Court has found that no due process rights were abridged during a probation revocation hearing when a trial court orally stated its findings on the record and directed those statements to the defendant, who was present at the hearing. State v.Delaney (1984), 11 Ohio St.3d 231, 234. Accordingly, the trial court made specific findings on the record and spoke directly to appellant explaining to him why his probation was being revoked. Appellant had numerous warnings that if he did not participate fully in the program and his behavior continued, his probation would be revoked and he would be remanded to DYS. The court need not make specific findings within the judgment entry when it does so on the record to appellant, who was present during the hearing. Thus, appellant's due process rights were not violated. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT'S SENTENCE WAS AN ABUSE OF DISCRETION IN VIOLATION OF STANDARDS FOR SENTENCING ESTABLISHED BY THE OHIO SUPREME COURT.
Appellant contends that he should be credited for time served in the JRC and for time served in the juvenile detention center.
The Ohio legislature promulgated R.C. 2151.011,[4] which states that a juvenile's term at DYS be reduced by the time the juvenile is held in detention. Detention is defined as the temporary care of children pending adjudication or disposition, or execution of a court order. R.C.2151.011(B)(13). Moreover, we have found that time in a rehabilitation center while on probation is not included within the definition of detention pursuant to R.C. 2151.011. In re Price, Butler App. Nos. CA 2001-02-035 and CA2001-04-085, 2002-Ohio-1345, at ¶ 50.
In the instant case, appellant was placed on probation and ordered to serve time in the JRC. He was even told by the judge before entering the program that "* * * [A]ny time you spend over there doesn't count against your time at DYS. If I put you over there, * * *, you get kicked out, none of those days count toward your 18 months." Appellant acknowledged those statements, but still violated his probation and was "kicked out." Thus, following R.C. 2151.011, it stands that appellant's time in the JRC did not meet the statutory definition of detention under juvenile law; therefore, there is no statutory basis for crediting that time to appellant's DYS term. Id. at ¶ 52.
However, pursuant to former R.C. 2151.355 and R.C. 2152.18(B),[5]
appellant was entitled to credit for time served in the Butler County juvenile detention center prior to his adjudication or disposition, or execution of a court order. See, also, In re Price, 2002-Ohio-1345. Upon a thorough review of the record, we note that appellant was held in the juvenile detention center and was not credited for this time by the trial court. The record indicates that the trial court did have notice that appellant should be credited for time served in the juvenile detention center, but omitted it from its judgment entry.[6] According to former R.C. 2151.355 and R.C. 2151.011, appellant should receive credit for this time served in the juvenile detention center.
 We overrule in part and sustain in part appellant's second assignment of error. We overrule appellant's second assignment of error as it pertains to time served at JRC. We sustain appellant's second assignment of error as it pertains to credit for time served in the detention center, and reverse the judgment of the trial court on the issue of the credit for time served in the detention center. We remand this case to the trial court so that it may calculate the days appellant served in the detention center pending adjudication or disposition, or execution of a court order and include such days in the trial court's commitment entry.
Judgment is affirmed in part, reversed in part and remanded to the trial court for further proceedings according to law and consistent with this opinion.
POWELL, P.J., and VALEN, J., concur.
[1] Both appellant and appellee incorrectly cited to State v. Mingua. They each cited it as a case determined by the Ohio Supreme Court rather than by the Tenth District Court of Appeals. The attorney for appellee even went so far as to state that "The Supreme Court of Ohio held inState v. Mingua * * *" (emphasis added).
[2] Juv.R. 2(M) defines dispositional hearing as "* * * a hearing to determine what action shall be taken concerning a child who is within the jurisdiction of the court.
[3] Juv.R. 2(B) defines adjudicatory hearing as "* * * a hearing to determine whether a child is a juvenile traffic offender, delinquent, unruly, abused, neglected, or dependent or otherwise within the jurisdiction of the court."
[4] The definition of detention in former R.C. 2151.011(B)(12) is the same as that term is now defined in the current version of R.C.2151.011(B)(13).
[5] R.C. 2151.355 was repealed by the Juvenile Justice Reform Act on January 1, 2002. Language similar to R.C. 2151.355(F)(6) is now codified in R.C. 2152.18(B).
[6] The trial court stated during appellant's violation of probation hearing on June 13, 2001, "Is that correct for time served in detention center as I stated earlier, no credit for time served in the Rehab Program."