OPINION
{¶ 1} Defendant-appellant Jonathan R. Koenig appeals the Van Wert Municipal Court's decision to revoke his probation and order that he serve the 16-day balance of his original jail sentence. Finding no error prejudicial to Koenig in the record, or in the particulars assigned and argued, we affirm.
 {¶ 2} This appeal stems from Koenig's decision to plead guilty on September 8, 2005, in the Van Wert Municipal Court, in Case No. CRB 05-00524, to underage consumption of alcohol, a violation of R.C.4301.69(E)(1) and a first-degree misdemeanor. The trial judge fined Koenig $500, sentenced him to 90 days in jail with 70 days suspended, and placed him on probation for two years.
 {¶ 3} On the evening of April 9, 2006, a minor threw a party at her mother's apartment. Koenig and four other individuals — Jennifer Spray, Joseph Savage, Gary Saunders, and Richard Griggs — attended the party. While there, Koenig and the others apparently consumed alcohol. Each was over the age of 18 but under the age of 21.
 {¶ 4} Following the party, Van Wert Police Officer Robert Black found Koenig asleep outside of the apartment in the driver's seat of a running automobile. Koenig was arrested and charged in the Van Wert Municipal Court with underage consumption of alcohol, being in physical control of a motor *Page 3 
vehicle while under the influence of alcohol, possession of marijuana, and, later, furnishing alcohol to underage persons. Koenig retained counsel and pled not guilty to each charge. Although Koenig was initially held in jail for a probation revocation hearing, the trial judge released him on electronic home monitoring. Significantly, the other individuals who attended the party were also charged with underage consumption of alcohol.
 {¶ 5} On July 14, 2006, the trial judge began the probation revocation hearing underlying this appeal. Koenig objected to the trial judge doing so before holding a jury trial on the new charges and consequently moved to continue the hearing. The trial judge overruled the objection and denied the motion. When the prosecution finished questioning its only witness, Officer Black, Koenig moved for a second time to continue the hearing. At that time, the trial judge granted Koenig a continuance, terminated his electronic home monitoring, and held him in jail with work release privileges.
 {¶ 6} According to the parties' briefs, on August 15, 2006, Koenig filed an affidavit in the Van Wert Municipal Court, in accordance with R.C. 2701.031, to disqualify the trial judge from future proceedings. The trial judge personally transferred the affidavit to the probate judge of the Van Wert County Court of Common Pleas. Shortly thereafter, the probate judge denied the affidavit. *Page 4 
 {¶ 7} On August 22, 2006, the trial judge resumed the probation revocation hearing before holding the jury trial on the new charges. During the hearing, Koenig cross-examined Officer Black but did not testify or present any evidence or witnesses. On August 23, 2006, the trial judge issued a judgment entry revoking Koenig's probation and ordering that Koenig serve the 16-day balance of his original jail sentence.
 {¶ 8} Again, according to the parties' briefs, the same day the trial judge issued the judgment entry, Koenig filed a second affidavit in the Van Wert Municipal Court, in accordance with R.C. 2701.031, to disqualify the trial judge from future proceedings. The municipal court transferred the second affidavit to the general-division judge of the Van Wert County Court of Common Pleas, who transferred it to the probate judge. Upon review, the probate judge granted the affidavit.
 {¶ 9} On September 1, 2006, Koenig appealed the trial judge's August 23, 2006 judgment entry to this court. That same day, Koenig moved this court to stay the execution of the 16-day balance of his jail sentence. This court did so and released Koenig on a personal recognizance bond with the clerk of the trial court.
 {¶ 10} On appeal, Koenig sets forth four assignments of error for our review. For purposes of clarity, we combine the first and fourth assignments of *Page 5 
error. We also consider the second and third assignments of error out of the order that Koenig presented them to us in his brief.
 ASSIGNMENT OF ERROR NO. I The trial court was biased against the Defendant and as a result, the Defendant did not receive due process of law or a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in gathering evidence outside the presence of the defendant or his counsel and thereby depriving him of his constitutional right to due process of law.
 {¶ 11} In his first and fourth assignments of error, Koenig alleges the trial judge exhibited bias against him and thereby denied him due process and a "fair trial." To support his allegations, Koenig claims the trial judge gathered evidence to use against him by forcing Spray, Savage, and Griggs to disclose, during their respective plea and sentencing hearings, who provided them alcohol. Koenig also notes that, in doing so, the trial judge placed Griggs under oath. According to Koenig, it was this evidence, as well as the trial judge's explicit order behind the scenes to a Van Wert police officer, that prompted the furnishing charge.
 {¶ 12} "The presence of a biased judge on the bench is * * * a paradigmatic example of constitutional error, which if shown requires reversal without resort to harmless-error analysis." State v.Sanders (2001), 92 Ohio St.3d 245, 278, 750 N.E.2d 90, citingArizona v. Fulminante (1991), 499 U.S. 279, 309-310, *Page 6 111 S.Ct. 1246, 113 L.E.2d 302. Furthermore, it is axiomatic that a criminal proceeding before a biased judge is fundamentally unfair and denies a defendant due process. See State v. LaMar, 95 Ohio St.3d 181,2002-Ohio-2128, 767 N.E.2d 166, at ¶ 34, citing Rose v. Clark (1986),478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460; Tumey v. Ohio (1927),273 U.S. 510, 534, 47 S.Ct. 437, 71 L.Ed. 749.
 {¶ 13} Koenig sets forth very serious allegations of judicial bias, which we find to be extremely troubling. But no one made the affidavits, transcripts, and other documents needed to substantiate those allegations a part of the record in this case for purposes of this appeal.
 {¶ 14} As an appellate court, we are bound by the record before us, and it was Koenig's duty to provide the pertinent portions of the record that support his specific allegations. Without that information, a great deal of uncertainty exists regarding the events that transpired outside of the probation revocation hearing and in the other related proceedings. Accordingly, we cannot say that Koenig established the trial judge exhibited bias against him.[1]
 {¶ 15} Koenig's first and fourth assignments of error are therefore overruled.
 ASSIGNMENT OF ERROR NO. III *Page 7 The trial court erred in not granting a continuance of the probation violation hearing in order that the Defendant's jury trial over the same issues could be completed.
 {¶ 16} In his third assignment of error, Koenig argues the trial judge erred when he held the two-part probation revocation hearing before holding the jury trial on the new charges. Additionally, Koenig argues that because the trial judge refused to continue the hearing, the trial judge did not act "neutral and detached" and thereby denied him due process.
 {¶ 17} This court addressed the time for holding a probation revocation hearing in an analogous case, State v. Jones (Dec. 19, 1995), 3d Dist. No. 15-95-3. We believe that case is instructive here.
 {¶ 18} In Jones, the defendant was convicted of operating a motor vehicle while under the influence of alcohol and was placed on probation. See Jones at *1. While on probation, the defendant was charged with underage consumption of alcohol, to which he pled not guilty. Id. Thereafter, the trial court held a probation revocation hearing based on the underage consumption and revoked the defendant's probation. Id. On appeal, this court affirmed, reasoning the quantum of evidence needed to revoke the defendant's probation did not require that the defendant be convicted of the underage-consumption charge. Id. at *3, citing Columbus v. Bickel (1991), 77 Ohio App.3d 26, 33-34,601 N.E.2d 61, citing State v. Mingua (1974), 42 Ohio App.2d 35, 40, 71
O.O.2d 234, 327 N.E.2d 791. *Page 8 
 {¶ 19} We acknowledge that it is not the best practice to hold a probation revocation hearing before a jury trial on charges that serve as a basis for the probation violation and/or the decision to revoke probation. Holding the hearing after a trial on such charges alleviates much of the concern and ambiguity upon which appeals are based. Nevertheless, Jones and the related authority indicate that nothing prohibited the trial judge from proceeding as he did. See, e.g.,Bickel, 77 Ohio App.3d at 33-34, 601 N.E.2d 61 ("We cannot say * * * that the sentencing court must wait for a criminal conviction to revoke probation on the basis that the probationer violated his probation by breaking the law.") As such, Koenig's argument regarding the timing of the two-part hearing lacks merit.
 {¶ 20} Koenig also argues that because the trial judge refused to continue the hearing, the trial judge did not act "neutral and detached" and thereby denied him due process. Due process requires, among other things, that a probation revocation hearing be held before a "`neutral and detached' hearing body." See Jones at *2, citing Gagon v.Scarpelli (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656, citing Morrissey v. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593,33 L.Ed.2d 484.
 {¶ 21} Because nothing prohibited the trial judge from holding the probation revocation hearing before the jury trial on the new charges, we cannot say that the trial judge did not act "neutral and detached." And, as we discussed in *Page 9 
our analysis of Koenig's first and fourth assignments of error, nothing in the record of this case otherwise supports Koenig's allegations that the trial judge exhibited bias against him. Thus, Koenig's additional due-process argument also lacks merit.
 {¶ 22} Koenig's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in admitting the portable breath test (PBT) into evidence without expert testimony to support its reliability or accuracy.
 {¶ 23} In his second assignment of error, Koenig notes the Ohio Department of Health does not recognize the results of a portable breath test (PBT) as a reliable indication that a defendant consumed alcohol. From this premise, Koenig concludes that the trial court erred when it permitted Officer Black to testify regarding PBT results during the probation revocation hearing. The transcript of the hearing establishes the prosecution used PBT results to show that Koenig did, in fact, consume alcohol.
 {¶ 24} The terms of Koenig's probation provided, in pertinent part, as follows: "Probationer shall not violate any city, state, or federal law." It is undisputed that Koenig was on probation, and that he was over the age of 18 but under the age of 21, when he was arrested and charged with the four new charges. Thus, the issue during the probation revocation hearing was whether the *Page 10 
prosecution produced "substantial" proof, as opposed to proof beyond a reasonable doubt, that Koenig violated a "city, state, or federal law," i.e., that Koenig consumed any alcohol. See R.C. 4301.69(E)(1);Jones at *3, citing Minqua (1974), 42 Ohio App.2d at 40, 327 N.E.2d 791;State v. Hylton (1991), 75 Ohio App.3d 778, 782-83, 600 N.E.2d 821.
 {¶ 25} Even if we assume, arguendo, that the trial court erred when it permitted Officer Black to testify regarding the PBT results during the probation revocation hearing, the error did not harm Koenig in any way. This is because ample evidence existed in the record, aside from the PBT results, to satisfy the substantial-proof standard. In particular, Officer Black testified on direct examination during the hearing that Koenig smelled of alcohol, that Koenig acted incoherently, and, most importantly, that Koenig actually admitted he had consumed "a lot" of alcohol.
 {¶ 26} Given the foregoing, Koenig's second assignment of error is also overruled.
 {¶ 27} Finding no error prejudicial to Koenig in the record, or in the particulars assigned and argued, we affirm the trial court's judgment. Additionally, we terminate the stay of the 16-day balance of Koenig's jail sentence and revoke Koenig's personal recognizance bond.
Judgment affirmed. *Page 11 ROGERS, P.J., and SHAW, J., concur.
[1] A transcript of Koenig's pretrial hearing regarding the new charges was transferred by the municipal court to this court. After reviewing the transcript, we note the trial judge made a vague reference that he had placed "persons under oath." Without more, this single statement does not establish judicial bias. *Page 1