[Cite as *State v. Birt*, 2016-Ohio-3478.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-32 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2014-CR-191 |
| v. | : | |
| | : | (Criminal Appeal from |
| JEFFREY L. BIRT, II | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2016.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

REBEKAH S. SINNOTT, Atty. Reg. No. 0072093, Post Office Box 655, Urbana, Ohio 43078
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jeffrey L. Birt, II, appeals from a judgment of the trial court finding him to have violated conditions of community control sanctions, revoking his

community control sanctions, and imposing a 12-month prison sentence. Birt's assigned appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reflecting that she could find no potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Community Control Sanctions Violations

{¶ 2} Birt became subject to community control sanctions as a result of his January 2, 2015, sentence for one count of Possession of Heroin, in violation of R.C. 2925.11(A)(C)(6)(a), a felony of the fifth degree, and one count of Possession of Marijuana, in violation of R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor, to which he pled guilty. The conditions of his community control sanctions included: (1) that he would obey federal, state, and local laws and ordinances, including those relating to illegal drug use and registration with authorities; (2) that he would not purchase, possess, use, or have under his control any narcotic drug or other controlled substance or illegal drugs, including any instrument, device, or other object used to administer drugs or to prepare them for administration, unless lawfully prescribed for him by a licensed physician, that he agreed to inform his supervising officer promptly of any such prescription, and that he agreed to submit to drug testing if required; and (3) that he would not be in contact with, or in the presence of, Spring Elizabeth Smith.

{¶ 3} On the morning of July 5, 2015, while Birt was subject to the community control sanctions, he was a passenger in a car that was subject to a traffic stop. Sergeant David Reese, of the Urbana Police Department, obtained Birt's consent to a

search of his person. Sergeant Reese found cocaine and heroin in Birt's pockets. He also found marijuana near the rear passenger seat which Birt had been occupying. Spring Elizabeth Smith was also a passenger in the car.

{¶ 4} Earlier, on May 16, 2015, Urbana Police Officer Robbie Evans noticed Birt having difficulty. "[P]eople had called and said that [Birt] was walking in the middle of the street." "His eyes were rolled back. He could hardly walk." Police Officer Brandon McCain, who was at the scene, concluded, based on his experience and training, that Birt had a heroin overdose. Evans notified his supervisor and called for the Urbana EMS. The medics came and treated Birt, who had not been responsive to Evans. The medics administered Narcan, commonly used to treat heroin overdoses, and took Birt to the emergency room, where he became more aware of where he was "[a]fter a while." Birt later told Officer McCain that he had used OxyContin at the time of the May 16th incident, and that it had almost cost him his life.

## II. The Course of Proceedings

{¶ 5} The State served notice of alleged violations of the conditions of Birt's community control sanctions. Following a hearing, the trial court found that Birt had violated conditions pertaining to illegal drug possession or use and pertaining to his not having any contact with Spring Elizabeth Smith. The trial court vacated the community control sanctions, and imposed a sentence that included a 12-month prison sentence, fines of $250 and $150, and an order to pay court costs, and his court-appointed counsel fees. The trial court found, based on the pre-sentence investigation report, that Birt had the ability to pay the fines, costs, and counsel fees, and set a payment schedule of $50

per month.

{¶ 6} Birt appeals. His assigned counsel has filed an *Anders* brief, reflecting her inability to find potential assignments of error having arguable merit. By entry dated January 29, 2016, we afforded Birt the opportunity to file his own, pro se brief within 60 days. He has not done so.

### III. No Potential Assignments of Error Having Arguable Merit Found

{¶ 7} In her brief, counsel discusses two potential assignments of error that she considered. The first of these is that the trial court based its revocation of the community control sanctions, at least in part, upon hearsay testimony. She cites *State v. Mingua*, 42 Ohio App.2d 35, 327 N.E.2d 791 (10th Dist. 1974), for the proposition that although probation revocation hearings permit consideration of evidence that would not be admissible at trial, a revocation based solely upon hearsay violates the defendant's right of confrontation. As counsel notes, the violations found by the trial court do not depend solely upon hearsay testimony. The State's witnesses offered direct, unrebutted testimony concerning Birt's drug and no-contact violations on July 5, 2015.

{¶ 8} Furthermore, as counsel also notes, there was no objection to the officers' testimony relating to the May 16, 2015, incident, so that the error, if any, would be governed by the plain-error standard of review. In view of July 5th violations, we conclude that it is unlikely that any error in the admission of testimony concerning the May 16th incident had any impact on the outcome of the hearing. Consequently, we agree with counsel's assessment that this potential assignment of error has no arguable merit.

{¶ 9} Next, counsel considers possible error in the admission of Birt's statements to Officer McCain, who had taken Birt from jail to a hospital for treatment of a self-inflicted injury, concerning Birt's illegal drug use, based upon violation of Birt's rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Again, as counsel notes, there was no objection to this testimony. And again, in view of the proper testimony of the police officers concerning Birt's violations on July 5th, we conclude that any error in the admission of Birt's statements to McCain likely had no impact on the outcome of the hearing, so that this potential assignment of error, also, has no arguable merit.

{¶ 10} In the appellate docket statement, Birt indicates the imposition of the maximum, 12-month sentence as a possible basis for appeal. Birt received a generous initial disposition of the multiple drug charges with which he was indicted. First, he was allowed to plead guilty to one felony drug charge and one minor misdemeanor marijuana charge, with two other felony drug charges being dismissed.[1] Then, despite a substantial record of previous felony convictions, including four convictions for which he had served prison sentences, the fact that he committed the offenses to which he pled guilty while he was on probation for Theft, and the fact that he had been found to have committed a probation condition violation less than a year earlier, the trial court imposed community control sanctions, rather than sending Birt back to prison.

{¶ 11} Within a few months after having been given this opportunity at rehabilitation, Birt committed the multiple community control violations that are the subject

---

[1] The pre-sentence investigation report suggests that there was substantial evidence for the two felony drug charges that were dismissed.

of this appeal. That suggests to us that Birt was at a high risk for recidivism, as the trial court found. Accordingly, we find that no reasonable argument can be made that Birt's 12-month prison sentence is clearly and convincingly unsupported by the record.

## IV. Conclusion

{¶ 12} After independently reviewing the entire record, as required by *Anders v. California, supra,* we find no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Rebekah S. Sinnott
Jeffrey L. Birt, II
Hon. Nick A. Selvaggio