[Cite as *State v. Saffell*, 2016-Ohio-5283.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

STATE OF OHIO C.A. No. 15AP0041

    Appellee

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
SCOTT B. SAFFELL WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
    Appellant CASE No. 2015 TRC 000252

DECISION AND JOURNAL ENTRY

Dated: August 8, 2016

HENSAL, Judge.

**{¶1}** Scott Saffell appeals a judgment of the Wayne County Municipal Court that found he violated community control. For the following reasons, this Court affirms.

I.

**{¶2}** In March 2015, Mr. Saffell pleaded guilty to operating a motor vehicle with a prohibited breath-alcohol content. The municipal court sentenced him to 12 months of community control. In May 2015, the probation department alleged that Mr. Saffell violated the terms and conditions of his community control because he did not notify his probation officer about his change of residence. At a hearing on the allegation, a probation officer testified that, when she attempted to do a house visit at the address Mr. Saffell provided, Mr. Saffell was not there. She spoke to the owner of the house, Mr. Saffell's mother-in-law, who told her that Mr. Saffell had not lived at the address for several months. Based on the probation officer's testimony, the municipal court found that Mr. Saffell violated the terms of his community

control. It sentenced him to 45 days in jail. Mr. Saffell has appealed, assigning two errors that we will address together. The municipal court has stayed Mr. Saffell's sentence for the duration of this appeal.

II.

ASSIGNMENT OF ERROR I

THE COURT'S RELIANCE SOLELY UPON UNSUPPORTED HEARSAY EVIDENCE VIOLATED HIS DUE PROCESS RIGHTS.

ASSIGNMENT OF ERROR II

THE COURT'S FINDING DEFENDANT HAD VIOLATED HIS PROBATION WAS AN ABUSE OF DISCRETION.

{¶3} Mr. Saffell argues that the municipal court violated his due process rights because it found he violated the terms of his community control solely on hearsay evidence. Although Mr. Saffell acknowledges that hearsay is admissible at a probation revocation hearing, he contends it cannot be the only evidence that indicates a probation violation occurred. He also argues that the evidence the State presented was not substantial enough to prove that he breached a term or condition of community control.

{¶4} In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the United States Supreme Court explained that a probationer is entitled to the same minimum due process as a parolee. *Id*. at 782. One of the requirements of due process is that a probationer has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)[.]" *Id*. at 786, quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

{¶5} In *State v. Mingua*, 42 Ohio App.2d 35 (10th Dist.1974), the municipal court allowed a probation officer, over the defendant's objection, to testify about a telephone conversation he had with the defendant's sister-in-law. According to the probation officer, the

sister-in-law told him that some of her neighbors had accused the defendant of committing an offense that was similar to the offense for which the defendant had been placed on probation. The sister-in-law also told him that a psychiatrist at a mental health clinic had told her that the defendant had committed the offense and was likely to commit it again. The trial court revoked the defendant's probation based on the testimony of the probation officer.

{¶6} Regarding admission of the probation officer's testimony, the Tenth District explained that "[t]he accusations against this probationer ranged from hearsay to double hearsay and, as such, did not afford the probationer the reasonable opportunity to confront those who were making such accusations against him." *Id*. at 40. The court also held that the probation officer's testimony did not satisfy the "necessary quantum of evidence" required to revoke the defendant's probation. *Id*. It, therefore, reversed the municipal court's decision.

{¶7} Citing *Mingua*, the Eighth District Court of Appeals wrote in *State v. Jones*, 8th Dist. Cuyahoga No. 58423, 1991 WL 76031 (May 9, 1991), that "[t]he introduction of * * * hearsay into a probation revocation hearing is reversible error when that evidence is crucial to a determination of a probation violation." *Id*. at *5. Similarly, in *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353 (6th Dist.), the Sixth District Court of Appeals, citing *Mingua*, wrote that "[t]he introduction of hearsay evidence into a probation-revocation hearing is reversible error [if] that evidence is the only evidence presented and is crucial to a determination of a probation violation." *Id*. at ¶ 21. Mr. Saffell relies on those cases in support of his argument that the municipal court violated his due process rights when it found he violated community control based solely on the probation officer's testimony about her conversation with his mother-in-law.

{¶8} Upon review of *Mingua*, we do not agree with Mr. Saffell that it stands for the proposition that a trial court commits "reversible error [if] that evidence is the only evidence

presented and is crucial to a determination of a probation violation." In *Mingua*, the court addressed multiple issues. One was whether the municipal court violated Mr. Mingua's due process rights when it allowed the probation officer, over Mr. Mingua's objection, to testify about his conversation with Mr. Mingua's sister-in-law, which included details of the sister-in-law's conversation with a psychiatrist. *Mingua*, 42 Ohio App.2d at 39-40. A separate issue was whether the evidence the State presented was substantial enough to meet the quantum of evidence required to support the revocation of Mr. Mingua's probation. *Id*. at 40. The court concluded the municipal court violated Mr. Mingua's right to due process when it allowed the probation officer to testify about his conversation with the sister-in-law. It also concluded that the probation officer's testimony was not sufficient to meet the State's burden of proof. *Id*. The court did not hold that hearsay evidence alone can never be substantial enough to justify the revocation of a defendant's probation. Inasmuch as neither *Mingua*, *Jones*, nor *Ohly* held that hearsay evidence that was properly admitted at a probation revocation hearing is insufficient to prove a probation violation, and Mr. Saffell has not developed an alternative argument in support of his position, we decline to adopt it.

{¶9} Regarding the municipal court's finding that Mr. Saffell violated the terms and conditions of community control, we note that Mr. Saffell did not object to the probation officer's testimony about her conversation with Mr. Saffell's mother-in-law. The State, therefore, did not have to establish that it had good cause for not allowing Mr. Saffell to confront his accuser. *See State v. Stephens*, 6th Dist. Huron No. H-98-045, 1999 WL 339254, *4 (May 28, 1999) (concluding defendant forfeited his objection to probation officer's hearsay testimony by not making it at revocation hearing). The Ohio Supreme Court has held that, if hearsay is "not objected to, it 'may properly be considered and given its natural probative effect as if it

were at law admissible, the only question being with regard to how much weight should be given thereto.'" *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 208 (1979), quoting *State v. Petro*, 148 Ohio St. 473 (1947), paragraph eight of the syllabus. We, therefore, conclude that the probation officer's testimony was sufficient to establish that Mr. Saffell violated community control. Because the woman the probation officer spoke to was the owner of the property and had a close family relationship to Mr. Saffell, we also conclude that the municipal court did not abuse its discretion when it found Mr. Saffell committed a community control violation and sentenced him to 45 days in jail. *See State v. Walton*, 9th Dist. Lorain No. 09CA009588, 2009-Ohio-6703, ¶ 13 ("Once a violation of community control is proven, this Court reviews the decision to impose a portion of the suspended sentence for an abuse of discretion."). Mr. Saffell's assignments of error are overruled.

III.

**{¶10}** Mr. Saffell's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JENNIFER A. ROBERTS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.