THE STATE OF OHIO, APPELLEE, *v.* MURR, APPELLANT.

(No. S-86-35—Decided May 15, 1987.)

*John E. Myers,* prosecuting attorney, and *Ronald J. Mayle,* for appellee.
*C. Wesley Bristley,* for appellant.

HANDWORK, P.J. This case is before the court on appeal from a judgment rendered by the Sandusky County Court of Common Pleas. On March

26, 1984, appellant, Jeffrey A. Murr, was convicted of intimidation. R.C. 2921.03. Appellant received a two-year prison term which was suspended on the condition that he serve six months in the county jail and comply with the terms and conditions of his probation for five years.

Subsequently, appellant was found to have violated the terms of his probation by being convicted in Ottawa County of one count of possession of criminal tools, R.C. 2923.24, and one count of vandalism, R.C. 2909.05 (B)(1)(b). Pursuant to this conviction, the Sandusky County Adult Probation Department filed notice of probation violation with the trial court. Hearings were conducted on the matter and appellant's probation was ordered revoked.

It is from this judgment that appellant has appealed and advanced the following two assignments of error:

"1. The trial court committed error prejudicial to appellant in that the probation revocation hearing conducted in this case violated appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

"2. The trial court failed to permit appellant to present evidence in his own behalf before a neutral detached hearing body."

In review of appellant's two assignments of error, the court will examine the minimum due process requirements which must be afforded appellant in a probation revocation hearing. The United States Supreme Court addressed this matter in *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778, when it adopted for a probation revocation hearing the same minimum due process requirements which had been advanced in *Morrissey* v. *Brewer* (1972), 408 U.S. 471, for a parole revocation hearing. These requirements stated that an individual had the right to " '(a)

written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' *Morrissey* v. *Brewer, supra,* at 489." *Gagnon, supra,* at 786.

Appellant contends in his first assignment of error that he was denied his rights under requirement "c," the "opportunity to be heard in person and to present witnesses and documentary evidence." *Id.* He believes that he was denied this right when the trial court did not grant him a week's extension in order to submit the transcript of the testimony of two witnesses from the Ottawa County trial (which led to his conviction for vandalism and possession of criminal tools), but rather only permitted him the opportunity to explain to the court what the transcript would demonstrate to the court if it were available.

In consideration of this argument, this court does not find that appellant was denied his rights under requirement "c." Basically, it appears from the transcript of the probation revocation hearing that appellant only wanted the transcript of the testimony of the two witnesses so that he could persuade the court that the Ottawa County conviction was incorrect because it was based on inaccurate and inconsistent evidence and testimony. This court finds that the trial court was correct in its determination that it was

not going to relitigate the issues which had already been decided by trial in Ottawa County. The United States Supreme Court held in *Morrissey, supra,* at 490, that a probationer " * * * cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." Accordingly, this court does not find that appellant was denied the right to present witnesses, and appellant's first assignment of error is found not well-taken.

In appellant's second assignment of error he raises the issue that he was denied his rights under requirement "e," "a 'neutral and detached' hearing body." *Gagnon, supra,* at 786. Appellant believes that it was inappropriate for the same judge to both grant him probation on the intimidation conviction and to preside over his probation revocation hearing where the ultimate determination to revoke probation was made.

However, this court does not find that the trial court's dual role was inappropriate. The record does not demonstrate any undue bias, hostility or absence of neutrality on the part of the trial judge in making his determination. The trial court made a logical determination that appellant had been convicted of a felony in Ottawa County, that this conviction was in direct violation of appellant's probation, and that, therefore, appellant's probation should be revoked. Accordingly, this court finds that the trial court was a neutral and detached hearing body. Appellant's final assignment of error is found not well-taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial. The judgment of the Sandusky County Court of Common Pleas is affirmed, and this cause is remanded to said court for execution of sentence.

Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

ALICE ROBIE RESNICK and GLASSER, JJ., concur.