OPINION *Page 2 
{¶ 1} Defendant-Appellant Cannon A. Ball appeals the June 30, 2008, decision of the Delaware County Court of Common Pleas revoking his community control and imposing a prison sentence.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts are as follows:
 {¶ 4} Appellant, Cannon A. Ball, was indicted on December 7, 2005 on one count of Possession of Drugs.
 {¶ 5} On May 14, 2007, Appellant withdrew his former plea of not guilty and entered a plea of guilty to a lesser included offense of Aggravated Possession of Drugs.
 {¶ 6} On July 3, 2007, the trial court sentenced Appellant to a term of incarceration of twelve (12) months.
 {¶ 7} On September 27, 2007, pursuant to Appellant's Motion for Judicial Release, the trial court released Appellant from prison and converted his sentence to a three-year term of community control.
 {¶ 8} Among other provisions, the trial court imposed the following sanctions as part of the terms and conditions for his community control:
 {¶ 9} "2. The Defendant shall refrain from any misconduct or violation of law. Specifically, he shall incur no further felony convictions, nor convictions for misdemeanors, minor misdemeanors nor moving traffic violations. *Page 3 
 {¶ 10} "The Defendant shall continue to maintain his present place of residence and shall not change that place of residence without first securing the written consent of the Probation Officer.
 {¶ 11} "The Defendant shall be gainfully employed and shall not change his present place of employment without first securing the written consent of the Probation Officer.
 {¶ 12} * * *
 {¶ 13} "8. The Defendant shall not consume or possess any Controlled Substance as defined by Section 3719.01(C) of the Ohio Revised Code. The Defendant shall provide all prescriptions to his probation officer for pre-approval before filling.
 {¶ 14} * * *
 {¶ 15} "10. The Defendant shall participate in any counseling program or programs as deemed appropriate by the Probation Officer, at such place or places as directed by the Probation Officer and for such period of time as directed by the Probation Officer. Specifically, the Defendant shall attend three AA/NA [m]eetings per week and obtain a sponsor.
 {¶ 16} * * *
 {¶ 17} "12. The Defendant shall not own, use or possess firearms of any kind during his period of Community Control.
 {¶ 18} * * *
 {¶ 19} "14. The Defendant shall pay all of the costs of the prosecution of this case, including Public Defender fees, to the office of the Clerk of this Court at a rate of *Page 4 
$35.00 per month commencing 60 days after his release. The Defendant is Ordered to pay any fees permitted pursuant to R.C. 2929.18(A)(4)."
 {¶ 20} Additionally, various "General Terms of Community Control" were imposed and Term 6 of those General Terms stated: "[y]ou are not to own, carry, purchase, use, or have ready at your hand any weapon, firearm or firearm ammunition."
 {¶ 21} On June 5, 2008, a seven paragraph "Notice of Community Control Violation Hearing and Charges" was filed. In Paragraphs one through six, it was charged that Appellant violated Sanctions 2, 3, 4, 8, 10, and 14 of the September 27, 2007, Judgment Entry, respectively. In Paragraph seven, it was charged that Appellant violated term 6 of the "General Terms of Community Control".
 {¶ 22} On June 27, 2008, the trial court conducted a hearing to determine whether to revoke Appellant's term of community control. The State presented one witness, Paula Coyle — Appellant's Probation Officer.
 {¶ 23} On June 11, 2008, the trial court found that probable cause existed that Appellant violated one or more terms of the community control sanctions it imposed upon him. Specifically, the trial court found that Appellant violated Sanction 2 with his arrest on the charge of Domestic Violence and alleged violation of a protection or restraining order; Sanction 3 by allegedly changing his address without Ms. Coyle's permission; Sanction 4 by allegedly failing to maintain fulltime verifiable employment; Sanction 8 by allegedly testing positive for Benzodiazepines; Sanction 10 by allegedly failing to consistently attend and provide verification of attendance at Alcoholics Anonymous/Narcotics Anonymous meetings; and General Term 6 by allegedly being in possession of ammunition and a machete. *Page 5 
 {¶ 24} On June 27, 2008, the trial court revoked Appellant's term of community control and imposed a term of incarceration equal to the balance of the original twelve month sentence that remained after it granted his Motion for Judicial Release.
 {¶ 25} Appellant now raises the following assignments of error on appeal:
 ASSIGNMENTS OF ERROR {¶ 26} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT VIOLATED APPELLANT'S TERM OF COMMUNITY CONTROL.
 {¶ 27} "II. THE TRIAL COURT ERRED WHEN IT REVOKED APPELLANT'S TERM OF COMMUNITY CONTROL AND IMPOSED A TERM OF INCARCERATION.
 {¶ 28} "III. THE TRIAL COURT PLAINLY ERRED WHEN IT RELIED SOLELY UPON HEARSAY EVIDENCE TO FIND THAT APPELLANT VIOLATED APPELLANT'S TERM OF COMMUNITY CONTROL AND TO REVOKE APPELLANT'S TERM OF COMMUNITY CONTROL."
 III. {¶ 29} For purposes of clarity and ease of review, we shall address Appellant's third assignment of error out of order.
 {¶ 30} In his third assignment of error, Appellant argues that the trial court erred in relying on hearsay evidence at the revocation hearing. We disagree.
 {¶ 31} Generally, probation revocation hearings are not subject to the rules of evidence. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. State v. Thompson, Wood App. No. WD-06-034 ¶ 44, citing State v. Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353. *Page 6 
 {¶ 32} Specifically, Appellant challenges the testimony presented by Ms. Coyle, arguing that her testimony was based mainly on hearsay statements from his ex-girlfriend, statements made by the deputy sheriff who arrested him on the domestic violence charge, statements made by the victim of the domestic violence and photographs of the victim.
 {¶ 33} Upon review, while this Court finds that some of the testimony presented at the revocation hearing did constitute hearsay, such evidence was not the sole, crucial evidence in support of the probation violation determination. Ms. Coyle testified that she personally observed the bruises and injuries on Appellant's girlfriend, in addition to seeing him in the police cruiser. She also testified that Appellant failed to provide her with verification of his employment and verification that he was attending AA meetings, which he was required to do. Furthermore, Ms. Coyle testified that she personally administered a random drug test to Appellant, which came back positive for benzodiazepines.
 {¶ 34} We find that this evidence alone is sufficient to support the trial court's determination that Appellant violated the terms of his community control.
 {¶ 35} Appellant's third assignment of error is overruled.
 I., II. {¶ 36} In his first and second assignments of error, Appellant argues that the trial court erred in finding that he violated his community control sanction and revoking his community control. We disagree.
 {¶ 37} A community control revocation hearing is not a criminal trial, therefore the State does not have to establish a violation with proof beyond a reasonable doubt. *Page 7 State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citingState v. Hylton (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. Id., citing Hylton at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the evidence. SeeState v. Umphries (July 9, 1998), Pickaway App. No. 97CA45; State v.Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of the evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M.
 {¶ 38} Once a court finds that a defendant violated the terms of his community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38,601 N.E.2d 61. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St.3d 239,253, 473 N.E.2d 768.
 {¶ 39} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990),498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections *Page 8 
which cannot be conveyed to us through the written record, Miller v.Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.
 {¶ 40} At the revocation hearing, the trial court heard testimony from Scioto County Parole Officer, Paula Coyle and Melinda Bettac, a Delaware County Adult Probation Officer.
 {¶ 41} Upon review of the record in the case sub judice, we find that the evidence presented at the revocation hearing demonstrates that Appellant was terminated for violating the terms of his community control by being arrested and charged with domestic violence, violating a protective order and failing to cooperate with police officers (T. at 34); changing his residence without permission (T. at 23); failing to verify employment (T. at 26, 42); testing positive for drugs (T. at 24-25, 38-39); failing to verify attendance at his required Alcoholics Anonymous meeting (T. at 27; possessing ammunition and possessing a machete. (T. at 17).
 {¶ 42} "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." State v. Williams, 5th Dist. Nos. 2006CA00351, 2006CA00352, 2007-Ohio-6799, ¶ 6, citing State v.Schlecht, 2nd Dist. No. 2003-CA-3, 2003-Ohio-5336. Consequently, "an appellate court will not reverse the trial court's decision to revoke community control absent an abuse of discretion." Id. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. *Page 9 
 {¶ 43} Based on the foregoing, we find that the trial court had competent, credible evidence upon which to find that Appellant violated the terms of his community control.
 {¶ 44} We therefore find that the trial court did not abuse its discretion in revoking Appellant's community control and imposing a prison term.
 {¶ 45} Accordingly, Appellant's first and second assignments of error are overruled.
 {¶ 46} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1