[Cite as *State v. Swails*, 2014-Ohio-3711.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100480**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JACK SWAILS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-547588

**BEFORE:** Kilbane, J., Boyle, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Amy Venesile
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Jack Swails ("Swails"), appeals from his 36-month prison sentence for violating his community-control sanction. For the reasons set forth below, we affirm.

{¶2} In March 2011, Swails was charged in Case No. CR-11-547588 with aggravated robbery and felonious assault, which carried a pregnant victim specification. In May 2011, Swails pled guilty to the amended charge of attempted felonious assault. The pregnant victim specification was deleted and the aggravated robbery charge was nolled. In June 2011, the trial court sentenced Swails to one year of community-control sanction under the supervision of the Adult Probation Department. The trial court ordered that Swails pay restitution to the victim in the amount of $825, pay court costs, and pay supervision fees in the amount of $20 per month.

{¶3} On March 19, 2012, the trial court, sua sponte, extended Swails's community-control sanction to June 1, 2013. On April 8, 2013, the trial court again, sua sponte, extended Swails's community-control sanction to June 1, 2014. In June 2013, Swails was arrested and subsequently indicted in Case No. CR-13-575260 for aggravated burglary, kidnapping, felonious assault, and rape. This matter proceeded to a jury trial before the same judge in Case No. CR-11-547588. At the conclusion of trial, the jury found Swails not guilty of all the charges. That same day, the trial court scheduled a community-control sanction/probation violation hearing for September 23, 2013 in Case No. CR-11-547588.

{¶4} At the hearing, the trial court found Swails to be in violation of his community-control sanction and ordered him to serve 36 months in prison. The trial court stated that:

[COURT]: We're here for a violation hearing. * * * [D]o we have a waiver, first of all?

[PROBATION OFFICER:] Yes, we do, Your Honor.

[COURT]: Swails was arrested on June 22nd, 2013 for felonious assault. He was tried last week and found not guilty by the jury. He also is charged with violating community control by failing to pay his court costs in full, supervisory fee in full[,] and restitution in full.

* * *

[DEFENSE COUNSEL:] Your Honor, it's my understanding, after conferring with [the probation officer] and Mr. Swails, that he has been paying on his restitution monthly, via money orders. Last payment was made, I think, in May.

[PROBATION OFFICER]: It was in May.

[DEFENSE COUNSEL:] Prior to him being arrested. And, he has paid that on a regular basis, Your Honor. We also noted that his probation was extended through June 2014. So, I would imagine he has, actually, to June to complete the payments. But he, in fact, makes payments on a regular basis.

* * *

We would ask the Court to take that into consideration, as it addresses the violation which really stems from him being arrested on the new charge that he was just exonerated on.

* * *

[COURT:] [T]here is a large difference between not guilty and innocent and you are anything but the latter. Mr. Swails, I sat through the trial, heard that you're employed at University Hospitals. I heard that you live

with your mom. Presumably, you're not paying rent. You don't drive. You don't have a car payment. My question becomes, working but not paying the Court's obligation leads me to believe it's purposeful.

I find you to be in violation for the new arrest. The evidence at trial clearly showed, although not to [the] reasonable doubt standard, that you victimized the same victim again. You failed to pay restitution to that same victim in this case.

You failed to pay court costs in full and failed to pay supervisory fees. You are in violation of your community control. I'm terminating community control and I'm going to impose a 36-month sentence at the Lorain Correctional Institution.

* * *

[DEFENSE COUNSEL:] Your Honor, we will file a notice of appeal in this matter. I think it's vindictive. I think the probation officer indicated that he has, in fact, contrary to the statements by the Bench, been paying. And just your statement that he hadn't been, this Court clearly knows he has been paying on a regular basis.

{¶5} Swails now appeals, raising the following three assignments of error for review.

Assignment of Error One

The extension of [Swails's] probation on two separate occasions without a hearing or notice to appellant was contrary to Ohio law and the Due Process Clause of the Fourteenth Amendment of the Federal Constitution.

Assignment of Error Two

[Swails] was denied a "neutral and detached" hearing body for his alleged probation violation hearing in violation of *Gagnon v. Scarpelli*, [411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).]

Assignment of Error Three

The trial court's imposition of 3 years on the probation violation is "vindictive" for [Swails] exercising his right to a jury trial and the trial

court's disagreement with the verdict in violation of the 14th Amendment of the Federal Constitution.

Probation Extensions

{¶6}   In the first assignment of error, Swails argues his due process rights were violated when the trial court, sua sponte, extended his community-control sanction in March 2012 and April 2013, without any evidence of a waiver of hearing or a hearing. He claims that he was not properly notified of the extensions and was not afforded the opportunity to be present at the hearings.

{¶7} We note that the trial court initially sentenced Swails in June 2011.  He was present in open court with defense counsel.  Having pled guilty to attempted felonious assault, the trial court sentenced Swails to one year of community-control sanction.  The trial court also ordered that Swails pay court costs, supervision fees, and restitution to the victim.   Then on March 19, 2012, the court extended Swails's community-control sanction to June 1, 2013.   On April 8, 2013, the court again extended his community-control sanction until June 1, 2014.

{¶8} Swails's argument that he lacked notice of the two extensions is unpersuasive because Swails continued to report to his probation officer for the duration of both extensions, and he continued to make partial payments, which spanned a period of two years.  Swails could not have continued to report without first having notification of the extensions.  This knowledge afforded Swails the opportunity to appeal the extensions at the time they were imposed if he felt they were improper.  The record is clear that Swails did not appeal from either extension.  "By * * * submitting himself to the jurisdiction of

the court over his person by accepting the extension of community control and complying with its terms for more than a year before the motion to revoke was filed, appellant has waived any error in the court's failure to give him notice and a hearing at the time of the * * * extension of community control." *State v. Carpenter*, 5th Dist. Stark No. 2008 CA 00238, 2009-Ohio-4759, ¶ 16. Therefore, by acquiescing to the terms of both extensions, we find that Swails has waived any alleged error regarding their imposition.

{¶9} We further note that the record before us does not contain any evidence of hearing waivers for the extensions imposed in March 2012 and April 2013. It is well established that a defendant may waive a probation extension hearing by signing a hearing waiver. *State v. Rose*, 8th Dist. Cuyahoga No. 70984, 1997 Ohio App. LEXIS 1072, *6-*7. Thus, we must presume regularity regarding the previous two extensions of Swails's community control sanctions. *State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97899, 2014-Ohio-198, citing *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 549 N.E.2d 1237 (9th Dist.1989), and *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500 (9th Dist. 1993). *See also* App.R. 9(B) and 10(A).

{¶10} Accordingly, the first assignment of error is overruled.

Probation Violation Hearing

{¶11} In the second and third assignments of error, Swails argues he was denied a neutral and detached hearing for his alleged community-control sanction violation, claiming that the trial court was "vindictive."

**{¶12}** We review a trial court's decision finding a violation of community control for an abuse of discretion. *State v. Hayes*, 8th Dist. Cuyahoga No. 87642, 2006-Ohio-5924, ¶ 11, citing *State v. Miller*, 10th Dist. Franklin No. 03AP-1004, 2004-Ohio-1007.

**{¶13}** In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court, relying on its earlier decision of *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the following minimum due process requirements for probation revocation proceedings:

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a "neutral and detached" hearing body * * *; and, (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.

*Id.* at 786.

**{¶14}** We note that the trial court that placed the defendant on probation is considered a "neutral and detached" hearing body for purposes of probation revocation, "unless there is evidence to demonstrate that undue bias, hostility, or absence of neutrality existed on the part of the court." *State v. Murr*, 35 Ohio App.3d 159, 520 N.E.2d 264 (6th Dist.1987), syllabus, applying *Gagnon*.

**{¶15}** Here, Swails has not demonstrated that the trial court acted with any bias or hostility. A review of the revocation hearing reveals that the court considered the facts of Swails's other case. The trial court found Swails in violation of community control

for his arrest in that case. The court also acknowledged that Swails is employed, but has failed to pay his court-ordered restitution, court costs, and supervisory fees. As a result, the court sentenced Swails to 36 months in prison. Based on the foregoing, we find that the trial court acted as a "neutral and detached" body when it revoked Swails's community-control sanction.

**{¶16}** Therefore, the second and third assignments of error are overruled.

**{¶17}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR