[Cite as *State v. Patton*, 2019-Ohio-2902.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KEVIN PATTON | : | Case No. 18CA81 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 2018-CR-0070


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 15, 2019


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOSEPH C. SNYDER        JOHN C. O'DONNELL, III
38 South Park Street        10 West Newlon Place
Mansfield, OH  44902        Mansfield, OH 44902

*Wise, Earle, J.*

{¶ 1}   Defendant-appellant Kevin Patton appeals the August 23, 2018 judgment of the Richland County Court of Common Pleas which revoked his community control. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 23, 2017, Patton was placed on post-release control under the supervision of parole officer Nathan Hall. After absconding from supervision he was charged with escape. Patton pled guilty to the charge and was placed on two years community control, also with Hall, on May 8, 2018.

{¶ 3}   On July 18, 2018, Hall was made aware of a police report involving an assault, and naming the victim as R.C. The report did not mention the suspects by name, but a witness to the incident described them as four black men who had fled the scene in two vehicles – a red Jeep Cherokee and a green Ford Mustang. Hall recognized the vehicle descriptions as matching vehicles he had seen at Patton's residence on numerous occasions.  Hall was aware that Patton's girlfriend drove the Ford Mustang and his sister drove the Jeep Cherokee.

{¶ 4}   Based on that knowledge, Hall went to R.C's home and presented R.C with a photograph of Patton. R.C stated Patton was one of the four men who assaulted him. He explained that one of the men had first engaged him in a verbal altercation and then punched him in the face causing him to fall to the ground. The other three men then joined the first in kicking and stomping R.C as he lay on the ground. Castle sustained injuries to his legs, shoulder, and face.

{¶ 5} Patton's behavior violated rule one of his rules of community control, which required Patton to obey all laws, federal, state and local. Additionally, he was not to associate with known felons. Hall discovered that one of the other men involved has a felony record. Hall filed a probation violation with the trial court and a hearing was held on the matter on August 22, 2018.

{¶ 6} At the hearing, Hall testified and to the above outlined facts. Patton presented testimony from his girlfriend and his sister, and testified on his own behalf. All three admitted they were at the scene, but denied Patton's participation in the assault. Rather, they alleged three persons known to them assaulted Castle, and they fled the scene because Patton was on community control and post-release control and could not be involved in the altercation per the rules of his release.

{¶ 7} After hearing the evidence, the trial court found Patton guilty of violating his community control by committing an assault, but not guilty of associating with a felon. The trial court revoked Patton's community control and sentenced him to six months for escape and imposed his remaining 18 months post release control time for an aggregate total of two years.

{¶ 8} Patton filed an appeal and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 9} "DEFENDANT/APPELLANT WAS DENIED HIS FIFTH AMENDMENT DUE PROCESS OF LAW WHEN HE HAS DENIED CONFRONTATION WITH THE WITNESS AGAINST HIM."

{¶ 10} In his sole assignment of error, Patton first argues he was denied his Fifth Amendment right to confrontation because the trial court relied upon hearsay evidence regarding his involvement in the assault to revoke his community control. We disagree.

{¶ 11} At the outset, we note that counsel for Patton did not object to the testimony he now complains of, and in fact conceded that hearsay is admissible in probation revocation proceedings. T. 44. The Ohio Supreme Court has held that, if hearsay is "not objected to, it 'may properly be considered and given its natural probative effect as if it were at law admissible, the only question being with regard to how much weight should be given thereto.' " *State v. Saffell*, 9th Dist. Wayne No. 15AP0041, 2016-Ohio-5283 ¶ 9 quoting *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 208, 389 N.E.2d 1113 (1979) and *State v. Petro*, 148 Ohio St. 473, 76 N.E.2d 355 (1947), paragraph eight of the syllabus. We therefore find Officer Hall's testimony was sufficient to establish Patton's violation of community control.

{¶ 12} Patton next argues that Hall's testimony was the sole crucial evidence presented at the hearing and thus cannot support the trial court's decision revoking his community control. We disagree.

{¶ 13} Probation revocation hearings are generally not subject to the rules of evidence. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. *State v. Ball*, 5th Dist. No. 2008CA A 07 0046, 2009-Ohio-2006 ¶ 31, citing *State v. Thompson*, 6th Dist. Wood App. No. WD-06-034, 2007-Ohio-2665 ¶ 44, and *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675 (6th Dist.).

{¶ 14} Patton, his sister and his girlfriend all testified on Patton's behalf. Each admitted they were at the scene of the assault, corroborating Hall's testimony. Each claimed however, that Patton did not participate in the assault. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180(1990), certiorari denied, 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183(1990). The trial court clearly found the testimony of Patton and his witnesses denying his involvement incredible. We may reverse the trial court's subsequent decision to revoke Patton's community control only upon a finding that the trial court abused its discretion. *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61(1991). An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768(1984). We find no abuse of discretion.

{¶ 15} Finally, Patton appears to argue the trial court was biased as it relied upon "other acts" to achieve its "obvious desire" to send Paton to prison. However, "[t]he trial court which placed the defendant on probation will be considered a "neutral and detached" hearing body for purposes of ordering defendant's probation revoked, unless there is evidence to demonstrate that undue bias, hostility, or absence of neutrality existed on the part of the court. (*Gagnon v. Scarpelli* [1973], 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656, applied.)" *State v. Murr*, 35 Ohio App.3d 159, 520 N.E.2d 264 (6th Dist. 1984), syllabus.

{¶ 16} Patton makes no such showing. The trial court outlined Patton's abysmal adjustment to post-release control/community control before revoking his community

control. T. 44-46. We find this does not constitute reliance of "other acts" nor does it demonstrate bias.

{¶ 17} The sole assignment of error is overruled.

{¶ 18} The judgment of the Richland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/rw