[Cite as *State v. Butts*, 2022-Ohio-1322.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110819 |
| v. | : | |
| BRIAN L. BUTTS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-644705-A and CR-20-651174-C

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah Denney, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Chief Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

JAMES A. BROGAN, J.:

{¶ 1} Defendant-appellant Brian L. Butts ("Butts") appeals the trial court's revocation of his community-control sanctions. For the following reasons, we affirm and remand for further proceedings.

**Factual and Procedural History**

{¶ 2} On October 11, 2019, in Cuyahoga C.P. No. CR-19-644705-A, a Cuyahoga County Grand Jury indicted Butts on one count of aggravated burglary in violation of R.C. 2911.11(A)(1); one count of abduction in violation of R.C. 2905.02(A)(2); one count of endangering children in violation of R.C. 2919.22(B)(1); two counts of domestic violence in violation of R.C. 2919.25(A); and one count of disrupting public services in violation of R.C. 2909.04(A)(3). On October 28, 2019, the trial court issued a capias for Butts, and the defendant was in custody as of July 2, 2020. On July 7, 2020, Butts pleaded not guilty to the indictment.

{¶ 3} On July 7, 2020, in Cuyahoga C.P. No. CR-20-651174-C, a Cuyahoga County Grand Jury indicted Butts on one count of attempted murder in violation of R.C. 2923.02(A); one count of felonious assault in violation of R.C. 2903.11(A)(1); one count of kidnapping in violation of R.C. 2905.01(A)(3); and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). On July 10, 2020, Butts pleaded not guilty to the indictment.

{¶ 4} On April 15, 2021, the court held a change-of-plea hearing on Butts's two pending cases. The court explained the maximum potential penalties Butts

faced, including the application of the Reagan Tokes Law to his offenses. After the trial court engaged Butts in a Crim.R. 11 colloquy, Butts retracted his former pleas of not guilty and the trial court accepted his guilty pleas.

{¶ 5} In Cuyahoga C.P. No. CR-19-644705-A, Butts pleaded guilty to one amended count of endangering children, a misdemeanor of the first degree, and two counts of domestic violence, felonies of the fourth degree. The state nolled the remaining counts. In Cuyahoga C.P. No. CR-20-651174-C, Butts pleaded guilty to felonious assault, a felony of the second degree, and the state nolled the remaining counts. The parties recommended two sentencing options: (1) two years on the felonious assault charge to be served concurrently with the sentences imposed on the domestic violence and endangering children charges with no opportunity for judicial release[1] or (2) participation in and completion of community-control sanctions at a community-based correctional facility ("CBCF") with failure to complete the program, for any reason, resulting in a five to seven and one-half year sentence. Butts stated his preference was to complete community-control sanctions at a CBCF.

{¶ 6} On April 27, 2021, the court held a sentencing hearing. The court heard from the assistant prosecuting attorney, defense counsel, a victim in Cuyahoga C.P. No. CR-19-644705-A, and Butts. The trial court voiced concerns about imposing community-control sanctions rather than a prison sentence due to

---

[1] The trial court indicated the two-year sentence was subject to the Reagan Tokes Law and, therefore, the sentence would be a two to three year sentence.

Butts's criminal history, a four-year old presentence-investigation report that classified Butts as a high-risk offender, and the two pending cases stemming from violent crimes.

{¶ 7} In both pending cases, the trial court sentenced the defendant to two years of community control on each count under the supervision of the adult probation department's domestic violence unit. Butts's sentence was subject to the following conditions:

> (1) defendant must abide by all rules and regulations of the probation department; (2) defendant must report weekly for three months and every two weeks thereafter; (3) defendant must attend domestic violence programming as determined by the probation officer; (4) defendant must attend additional programming as indicated in his case plan; (5) defendant must pay a monthly supervision fee; (6) defendant is subject to random drug testing; and (7) the conditions and terms of the probation are subject to modification by the probation officer and approval of the court.

The trial court informed Butts that a violation of the community-control sanctions could result in a prison term of 36 months under Cuyahoga C.P. No. CR-19-644705-A and a prison term of five to seven and one-half years under Cuyahoga C.P. No. CR-20-651174-C. The trial court further stated that any behavior by Butts that resulted in an unsuccessful termination from the CBCF would result in revocation of the sanctions and imposition of a five to seven and one-half year prison term. The court also advised Butts on postrelease control.

{¶ 8} On July 6, 2021, Butts was transported to the CBCF. While in the program, the CBCF alleged that Butts stole another client's belongings and assaulted

the client. Based upon those allegations, Butts's CBCF supervision was terminated on July 28, 2021, due to noncompliance with the program.

{¶ 9} On August 11, 2021, the trial court held a community-control sanctions violation hearing. Butts waived the issue of probable cause thereby admitting that he violated his community-control sanctions when he was terminated from the CBCF for reasons other than a successful completion of the program. However, Butts denied the theft and assault allegations that resulted in his untimely termination from the CBCF.

{¶ 10} The trial court found Butts's unsuccessful completion and termination from CBCF violated his community-control sanctions. The trial court revoked Butts's community-control sanctions and sentenced him, in Cuyahoga C.P. No. CR-19-644705-A, to 18 months on each domestic violence charge and 6 months on the child endangering charge, with all sentences running concurrent to each other. The court advised Butts that he would be subject to three years' discretionary postrelease control. Pursuant to the Reagan Tokes Law, the trial court imposed an aggregate minimum term of five years and a maximum term of seven and one-half years in Cuyahoga C.P. No. CR-20-651174-C, with the sentence running concurrent to the sentence imposed in Cuyahoga C.P. No. CR-19-644705-A and three years' mandatory postrelease control.

{¶ 11} On September 10, 2021, Butts filed a timely notice of appeal stating verbatim the following three assignments of error:

Assignment of Error I: The Trial Court conducted an improper Community Control Violation Hearing, violating the Appellant's Due Process Rights.

Assignment of Error II: The State must be present to prosecute a community control violation where no evidence is presented.

Assignment of Error III: The trial court violated Appellant's Constitutional Rights by imposing a Reagan-Tokes Sentence, under S.B. 201.

## Legal Analysis

{¶ 12} At the trial-court level, Butts did not object to the claimed errors raised in his first and second assignments of error — due process and the absence of a state representative. Therefore, review of those claims is limited to plain error. *State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 8, citing *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001), quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968). Crim.R. 52(B) states "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Appellate courts take notice of plain error only under exceptional circumstances to prevent a manifest miscarriage of justice. *E. Cleveland v. Harris*, 8th Dist. Cuyahoga No. 109404, 2021-Ohio-952, ¶ 20, citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1987). Plain error only applies where the outcome of the trial would have been different but for the error. *Id.*

## I. Due Process

{¶ 13} In his first assignment of error, Butts argues that he was denied due process of law at his community-control sanctions violation hearing. Specifically,

Butts argues that the trial court, as a neutral and detached hearing body, was required to investigate the facts of the underlying offense before it revoked his sanctions and imposed a new sentence. Further, Butts argues that the state needed to introduce substantial evidence of the underlying offense before the court could revoke his sanctions and impose another sentence. We do not agree.

{¶ 14} Butts's unsuccessful termination from the CBCF qualified as a community-control sanction violation. While the court heard from Butts's probation officer — who described the alleged theft and assault by Butts that resulted in his early and unsuccessful termination from CBCF — and reviewed the CBCF's incident report, the most compelling testimony was Butts's admission to the sanction violation.[2] Butts's admission that his early termination from the CBCF constituted a violation of his community-control sanction was the only evidence the trial court needed to determine a violation occurred. *State v. Jimenez*, 8th Dist. Cuyahoga No. 104735, 2017-Ohio-1553, ¶ 6, citing *Frazier* at ¶ 17. The trial court

---

[2] Butts argues the probation officer was not sworn in as a witness and, therefore, the trial court erroneously permitted her testimony into evidence. However, Butts's failure to object during the violation hearing to the probation officer's unsworn testimony waives any error regarding the trial court's determination. *State v. Fonte*, 8th Dist. Cuyahoga No. 98144, 2013-Ohio-98, ¶ 10, citing *State v. Rose*, 8th Dist. Cuyahoga No. 70984, 1997 Ohio App. LEXIS 1072, *8-9 (Mar. 20, 1997), citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977).

Butts also argues the incident report could not be introduced as testimony. A reviewing court may find plain error where the trial court erroneously admitted evidence that impacted a substantial right of a party. Evid.R. 103. The record shows the incident report was not formally introduced as an exhibit, but the trial court referenced the document during the violation hearing. Butts did not object to the document during the violation hearing. We cannot say that the incident report impacted a substantial right of Butts. The trial court heard Butts's admission that he violated his community-control sanctions and his version of the incident, and that testimony established a community-control sanction violation occurred rendering the incident report superfluous.

was not required to investigate or relitigate the incident that led to Butts's expulsion from the CBCF.

{¶ 15} The revocation of community-control sanctions entails a serious loss of liberty and, therefore, the defendant must be provided due process at the revocation hearing. *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct.1756, 36 L.Ed.2d 656 (1973). A trial court must provide an alleged sanction-violator these minimal due process rights before imposing punishment for a sanction violation:

> 1) written notice of the claimed violations; 2) disclosure of evidence against him; 3) opportunity to be heard and to present witnesses and documentary evidence; 4) the right to confront and cross-examine adverse witnesses; 5) a "neutral and detached" hearing body; and 6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26, citing *Gagnon* at 786; see Crim.R. 32.3(A).

{¶ 16} Further, once a trial court finds a community-control sanction was violated, the court has wide latitude in sentencing. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20. After weighing the seriousness of the original offenses and the gravity of the community-control violation, the trial court could then impose a longer period of community-control, a more restrictive community-control sanction, or a prison term. *Id.*; R.C. 2929.15(B).

{¶ 17} Butts's violation hearing satisfied the requisite due process requirements. In regards to Butts's argument about a neutral and detached court, a

trial court is viewed as neutral and detached "unless there is evidence to demonstrate that undue bias, hostility, or absence of neutrality existed on the part of the court." *State v. Swails*, 8th Dist. Cuyahoga No. 100480, 2014-Ohio-3711, ¶ 14, citing *State v. Murr*, 35 Ohio App.3d 159, 520 N.E.2d 264 (6th Dist.1987), syllabus.

{¶ 18} While the trial court stated at the violation hearing that it did not need to investigate the events that resulted in Butts's discharge from the CBCF, the trial court still provided Butts an opportunity to speak on his own behalf. The trial court also voiced its frustration that Butts denied performing the acts that led to his expulsion from the CBCF rather than taking responsibility for his actions. The trial court noted Butts's prior violent offenses and the violent crimes Butts allegedly engaged in at the CBCF, and reiterated its concern about his history of aggressive behavior. The trial court appears to have weighed the seriousness of the initial offenses and the gravity of the sanction violation. The fact that the trial court imposed the sentence it described at the initial sentencing hearing — a five to seven and one-half year prison term — did not demonstrate the court acted with undue bias, hostility, or lack of neutrality.

{¶ 19} Additionally, Butts's admission that he violated his community-control sanctions dispensed with the requirement that the state introduce substantial evidence demonstrating the violations. *State v. English*, 8th Dist. Cuyahoga No. 109645, 2021-Ohio-850, ¶ 12, quoting *Frazier*, 8th Dist. Cuyahoga

No. 104596, 2017-Ohio-470, at ¶ 11. Thus, Butts's argument that the state failed to introduce substantial evidence of his sanction violation is moot.

{¶ 20} In accordance with the law, the trial court found Butts violated his sanctions, revoked those community-control sanctions, and sentenced Butts to a five to seven and one-half year prison term. We find the record does not demonstrate a violation of Butts's due process rights and, therefore, overrule his first assignment of error.

## II. Presence of State Representative

{¶ 21} In his second assignment of error, Butts contends that a prosecutor must be present at a community-control sanction violation hearing to present evidence in support of the violation.

{¶ 22} As stated above, the state was under no obligation to introduce evidence once Butts admitted to the community-control sanction violation.

{¶ 23} Further, Butts's reliance on *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, in support of his argument is misguided. In *Heinz*, the state filed an appeal because it was not provided the requisite notice prior to a violation hearing nor an opportunity to be heard at the hearing. The Ohio Supreme Court in *Heinz* determined that the state is a party to a community-control violation proceeding and, therefore, the prosecuting attorney, as the state's legal representative, is entitled to proper notice and an opportunity to be heard at a violation hearing. *Id.* at ¶ 21. The *Heinz* Court did not find a prosecutor's presence is required at a community-control violation hearing. Additionally, we find no basis

to require the state's presence at Butts's violation hearing where he admitted to his sanction violation thereby negating the need to introduce evidence of the violation. Thus, Butts's second assignment of error is without merit and is overruled.

## III. The Reagan Tokes Law

{¶ 24} Butts's third assignment of error argues that his indefinite sentence under the Reagan Tokes Law is unconstitutional because it violates his due process rights, violates the separation-of-powers doctrine, and violates his constitutional right to a trial by jury.[3]

{¶ 25} Butts's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Butts's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights. Butts's third assignment of error is overruled.

## IV. Nunc Pro Tunc Journal Entry

{¶ 26} Trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision. *State ex rel.*

---

[3] In addition to addressing the constitutionality of the Reagan Tokes Law, the state argues that the defendant failed to timely object to the statute since Butts did not object at his initial sentencing hearing but at his community-control sanctions violation hearing. "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Butts timely objected to the constitutionality of the Reagan Tokes Law during his community-control violation hearing which is a sentencing hearing. R.C. 2929.15(B); *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 14.

*Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). Clerical mistakes refer to mistakes or omissions that are "mechanical in nature and apparent on the record" and do not address a legal decision or judgment. *State v. Brown*, 136 Ohio App.3d 816, 820, 737 N.E.2d 1057 (3d Dist.2000), citing *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985).

{¶ 27} In Cuyahoga C.P No. CR-20-651174-C, the April 27, 2021 journal entry reads that Butts's violation of his community-control sanctions may result in more restrictive sanctions or a prison term of five years, as approved by law. On that same date, the trial court stated in open court that a sanction violation may result in a prison term of five to seven and one-half years. Tr. 76. On remand, the trial court shall correct the clerical error in the April 27, 2021 journal entry to accurately reflect that a sanction violation could result in a prison term of five to seven and one-half years.

{¶ 28} Judgment affirmed and case remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES A. BROGAN, JUDGE*

ANITA LASTER MAYS, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

*(Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).